

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ANTHONY RENTZ, et al., | Case No. SA CV 03-105-GLT (MLGx) |
| Plaintiffs, | [~~TENTATIVE~~] ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY ADJUDICATION |
| vs. | |
| HOME DEPOT, INC., et al., | Calendar Item #11 |
| Defendants. | |

Defendants' motion for partial summary adjudication is GRANTED.

### I. BACKGROUND

Plaintiffs Anthony and Debra Rentz hired Defendant Home Depot, d/b/a Defendant Expo Design Center, to remodel their kitchen and bathroom. In designing and coordinating this project, Plaintiffs worked with Maria Peters, an employee at the Anaheim Expo Design Center.

Plaintiffs, unhappy with the speed and quality of the remodeling, filed suit in the Orange County Superior Court. Defendants timely removed. Defendants now move to summarily adjudicate: (1) Plaintiffs' claim for punitive damages; and (2) Plaintiffs' claim for damages for Defendants' alleged failure to comply with Cal.Bus.&Prof.Code § 7159.

## II. DISCUSSION

Summary judgment is proper if "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.Pro. 56(c). A fact is material if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. If the evidence of a genuine issue of material fact is "merely colorable" or of insignificant probative value, summary judgment is appropriate. Id. at 249-50.

In making a summary judgment determination, the Court must view the evidence presented in the light most favorable to the non-moving party, drawing "all justifiable inferences ... in his favor." Anderson at 255. If the non-moving party fails to present a genuine issue of material fact, the Court must grant summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

A. Punitive Damages

Plaintiffs seek punitive damages on their second, fourth, and fifth causes of action. Defendants move for summary adjudication, contending Plaintiffs have no evidence establishing Defendants' liability for punitive damages. Defendants are correct.

California Civil Code § 3294 states, in relevant part:

> where it is proven ... that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant ... With respect to a corporate employer, the advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation.

The group of corporate employees who can make a corporation liable for punitive damages is very narrow, encompassing only "the group whose intentions guide corporate conduct." <u>Cruz v. Homebase</u>, 83 Cal.App.4th 160, 167 (2000). By confining corporate liability in this manner, "the statute avoids punishing the corporation for malice of low-level employees which does not reflect the corporate 'state of mind' or the intentions of corporate leaders." <u>Id.</u>

Plaintiffs contend Defendants can be liable for punitive damages on two separate bases. First, Plaintiffs contend Maria Peters, the Home Depot employee who worked with Plaintiffs in remodeling their home, is a "managing agent" of Home Depot. Second, Plaintiffs contend Home Depot engaged in direct fraudulent conduct, irrespective of the actions of Ms. Peters.

As the California courts have made clear, a managing agent is not simply a low-level employee who exercises some level of discretion. "[T]he Legislature intended the term 'managing agent' to include only those corporate employees who exercise substantial independent authority and judgment in their corporate decisionmaking so that their decisions ultimately determine corporate policy." <u>White v. Ultramar, Inc.</u>, 21 Cal.4th 563, 566-67 (1999). "'[C]orporate policy' is the general principles which guide a corporation, or rules intended to be followed consistently over time in corporate operations." <u>Cruz</u>, *supra*, 83 Cal.App.4th at 167.

Plaintiffs contend there is a triable issue whether Ms. Peters is a "managing agent" because, for example, she: (1) entered into the contracts at issue on behalf of Home Depot; (2) ordered the materials used for the renovation; (3) designs and coordinates kitchen remodeling; (4) is the Department Supervisor of the Kitchen Showroom at the Anaheim

store; (5) oversees five sales associates; and (6) estimates time lines for customers. Even viewing this evidence in the light most favorable to Plaintiffs, there is no triable issue of fact on whether Ms. Peters is a "managing agent."[1/] She is not.

Defendants correctly note there is no evidence indicating Ms. Peters engages in "corporate decisionmaking," or that her decisions "ultimately determine corporate policy." Ms. Peters is an employee at one store of a major corporation that operates in every state and employs thousands of individuals. There is no showing Ms. Peters' workplace duties and activities shape "the general principles which guide" Home Depot or create "rules intended to be followed consistently over time in corporate operations."

Plaintiff's second theory regarding punitive damages, that Home Depot itself engaged in fraudulent activity, is not properly before the Court. This theory is not alleged in the complaint or relevant discovery responses, and apparently appears for the first time in Plaintiffs' Opposition to this motion. Plaintiffs have moved to amend the complaint to add this theory, but a motion for leave to amend is not a vehicle to circumvent summary judgment. See M/V American Queen v. San Diego Marine Constr. Corp., 708 F.2d 1483, 1492 (9th Cir. 1983); Glesenkamp v. Nationwide Mut. Ins. Co., 71 F.R.D. 1, 3 (N.D. Cal. 1974), aff'd, 540 F.2d 458 (9th Cir. 1976) (per curiam).

If the Court grants the motion to amend, and the amended complaint seeks punitive damages on this theory, the issue can be taken up again.

---

[1/] In an attempt to broaden the definition of "managing agent," Plaintiffs incorrectly rely on the definition of "discretion and independent judgment" found in 29 C.F.R. § 541.207. That section is not referenced by the California statutes or case law, and does not impact the analysis of California law required here.

B. <u>California Bus. & Prof. Code § 7159</u>

Plaintiffs' seventh cause of action seeks money damages and a fine of between $500 and $25,000 for Defendants' alleged failure to include approximate start dates and completion dates in the contracts at issue, in violation of California Bus. & Prof. Code § 7159. Defendants move for summary adjudication of this claim, contending § 7159 does not provide for a civil cause of action for damages for failing to comply with the terms of the statute. Plaintiffs contend a civil cause of action for damages is authorized by §§ 7159(m) and (n). Defendants are correct.

California Bus. & Prof. Code § 7159 states, in relevant part:

> Every home improvement contract ... shall be evidenced by a writing and shall be signed by all the parties to the contract. The writing shall contain ... [t]he approximate dates when the work will begin and on which all construction is to be completed.
> ...
> A violation of this section ... is a misdemeanor punishable by a fine of not less than one hundred dollars ($100) nor more than five thousand dollars ($5,000), or by imprisonment in the county jail not exceeding one year, or by both that fine and imprisonment.

There are no California cases approving or rejecting a civil cause of action for damages for a contractor's failure to follow § 7159. However, both the statutory language and California case law show Plaintiffs' cause of action for damages is improper.

Subsection (m) of § 7159 states, in relevant part, "[t]he provisions of this section are not exclusive and do not relieve the contractor or any contract subject to it from compliance with all other applicable provisions of law." Cal.Bus.&Prof.Code § 7159(m). This subsection does not authorize a civil cause of action for damages under § 7159. It instead states Defendants are not immune from suits under

1  "other applicable provisions of law" by simply following the
2  requirements of § 7159.
3  Subsection (n) does not support Plaintiffs' contention either.
4  This subsection allows the Court to impose a fine of between $500 and
5  $25,000, but only if the contract was made "in connection with the offer
6  or performance of repairs to the structure for damage caused by a
7  natural disaster." Cal.Bus.&Prof.Code § 7159(n). The contracts at issue
8  here did not involve repairs for damages caused by a natural disaster.
9  Plaintiffs' position is also not supported by California case law.
10 The California courts have recognized only two remedies for
11 noncompliance with § 7159: (1) the criminal penalties set forth in the
12 statute; and (2) voiding the contract. See Asdourian v. Araj, 38 Cal.3d
13 276, 292-93 (1985) (in addition to the criminal penalties, contracts
14 made in violation of § 7159 are "voidable depending on the factual
15 context and the public policies involved"); Calwood Structures, Inc. v.
16 Herskovic, 105 Cal.App.3d 519, 521-22 (1980) (same). These remedies are
17 inconsistent with Plaintiffs' claim for damages for Defendants' alleged
18 failure to comply with the terms of the statute.

### III. DISPOSITION

Defendants' motion for partial summary adjudication is GRANTED.

DATED: April 5, 2004

L. TAYLOR
UNITED STATES DISTRICT JUDGE